# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Chang

v.

Dunning et al.

February 11, 1998

Case No. (Law) CL970996

BY JUDGE ALFRED D. SWERSKY

Respondents' Motion to Dismiss these Habeas Corpus proceedings must be granted.

Petitioner claims that his right to effective assistance of counsel at trial as guaranteed by the Constitutions of the United States and the Commonwealth of Virginia has been violated.

Specifically, he complains that counsel failed to move to strike the felony counts in the indictment on the correct basis and that counsel failed to object to a patently erroneous instruction. For reasons that follow, Petitioner has failed to show that the violation of his Constitutional rights, if any did occur, prejudiced his right to a fair trial.

Dr. Chang argues that he could not be convicted of the felony offenses of distribution of anabolic steroids, prohibited by Code of Va. § 18.2-248.5, because his acts in prescribing the prohibited substances could not be a "distribution" within the meaning of that statute. His trial counsel's failure to object to an instruction as to the elements of the offense that included prescribing, dispensing, and administering along with distributing is alleged to be "clear and egregious error" so as to deprive Petitioner of due process.

Petitioner's interpretation of the statutes in question is flawed. Section 18.2-248.5 provides that certain acts, including distribution, involving anabolic steroids are prohibited "Except as authorized in the Drug Control Act (§ 54.1-3400, et seq.), Chapter 34 of Title 54.1 . . . ."

The Drug Control Act, specifically § 54.1-3408(a), allows practitioners of medicine (such as Dr. Chang) to prescribe, dispense, or administer controlled substances "in good faith for medicinal or therapeutic purposes within the course of his professional practice."

The act of prescribing controlled substances not in good faith is punishable as a distribution even though it is true that the term "distribute" is defined in § 54.1-3401 as "to deliver other than by administering or dispensing a controlled substance" and that the definition of "dispense" in the same Code section includes the act of prescribing.

Since § 18.2-248.5 provides the exception for acts authorized by the Drug Control Act, the acts of prescribing, dispensing, and administering controlled substances which come within the exception could only be those lawfully performed; i.e., done in good faith for a medicinal or therapeutic purpose.

The instruction complained of, which included prescribing, dispensing, or administering these substances if done in bad faith, was correct.

Perhaps counsel could have called these matters to the attention of the trial court to preserve the record for appellate purposes. The failure to do so does not result in the granting of the writ since this Court has found no prejudice resulted. *See, Strickland v. Washington*, 466 U.S. 668 (1984); *Williams v. Warden*, 254 Va. 16 (1997).

The Respondent's Motion to Dismiss is granted.